UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 22-cv-60886

CAROLINA TABAI, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

MBM BUSINESS HOLDINGS, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant MBM Business Holdings, Inc. removes from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida the above-captioned action asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and (b), and supplemental jurisdiction under 28 U.S.C. §1367. Pursuant to 28 U.S.C. § 1446(a), a copy of all state court filings are attached as Composite Exhibit A.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2022 Carolina Tabai, individually and on behalf of all others similarly situated, commenced this action, Case No. CACE-22-004882, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, by filing a complaint. Exhibit A-2 (Complaint).

On April 12, 2022 Defendant was served with a putative First Amended Class Action Complaint the ("Amended Complaint"), which Plaintiff then filed in state court on April 13, 2022.

Exhibit A-5 (Amended Complaint); Exhibit A-6 (Return of Service).  By agreed order of the Court, Defendant's deadline to respond to the Amended Complaint is May 12, 2022.  Exhibit A-9.  At the time of filing of this removal, Defendant has not answered the Amended Complaint.

Plaintiff's Amended Complaint asserts three Counts:  Count 1: violation of the Florida Telephone Solicitation Act, Section 501.059, Florida Statutes ("FTSA"); Count II: violation of the TCPA, including 47 C.F.R. § 64.1200(d); and Count III: injunctive relief under the TCPA and 47 C.F.R. § 64.1200(d).  The Amended Complaint alleges generally that Defendant sent unsolicited text massaging without the consent of the text recipients.

This Notice of Removal was timely filed within 30 days of service of the Summons and Amended Complaint. *See* 28 U.S.C. § 1446(b).  Also, in accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Defendant is filing a true and correct copy of this Notice of Removal with the state court clerk.  All procedural requirements for removal have been satisfied.

## REMOVAL IS TIMELY

On April 12, 2022, Defendant was served with process.  Exhibit A-6.  This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Amended Complaint, which sets forth the claims upon which the Notice of Removal is based.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## VENUE IS PROPER UNDER 28 U.S.C. § 1446(a)

Venue is proper in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1446(a), because the action was filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, which is located within this District and Division.

## **JURISDICTION IS PROPER UNDER 28 U.S.C. § 1331**

District Courts have original subject matter jurisdiction over all civil actions arising under the laws of the United States, 28 U.S.C. § 1331, including claims brought under the TCPA. "[A]n action under the TCPA indisputably arises under the laws of the United States . . . ." *Mittenthal v. Florida Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221 (S.D. Fla. 2020). Removal of a TCPA action to federal court is proper irrespective of concurrent state court jurisdiction. *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 387 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

Further, because the Court has original subject matter jurisdiction over Counts II and III for relief under the TCPA, the Court has supplemental jurisdiction over Plaintiff's state law claims under the FTSA, which arise out of the same alleged conduct as the federal TCPA claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . ." 28 U.S.C. § 1367(a); *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563 (11th Cir. 1994) (District Court had jurisdiction over both state and federal claims where the "state law claims against Patterson and Bates are certainly part of the same case or controversy as the COBRA claims."); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (same principle; stating "the RCRA and CWA claims are the 'substantial federal claims,' and they arise out of a common nucleus of operative fact as the state claims").

## NO WAIVER OF DEFENSES OR OBJECTIONS

Defendant, by virtue of filing this Notice of Removal reserves, and does not waive, any defenses or objections available to Defendant under the law.

## CONCLUSION

Defendant MBM Business Holdings, Inc. requests that this Court assume full jurisdiction over this cause.

>Respectfully submitted,
>
>/s/ Jonathan H Kaskel
>Jonathan H Kaskel, FBN 52718
>Angel A. Cortiñas, FBN 797529
>DENTONS US LLP
>1Alhambra Plaza, Penthouse
>Coral Gables, Florida 33134
>Telephone: (305) 670-4843
>angel.cortinas@dentons.com
>jonathan.kaskel@dentons.com
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022, the foregoing was filed using the Court's CM/ECF system and served via transmission of Notices of Electronic Filing generated by CM/ECF to all counsel by the Court's CM/ECF system.

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: 954-400-4713
mhiraldo@hiraldolaw.com
*Counsel for Plaintiff*